**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| THE ASPEN STREET CORPORATION | : |
| | : |
| Debtor(s) | : |
| | : |
| | : |
| | : Bky. No. 07-10858ELF |
| | : |

# M E M O R A N D U M

**I.**

Debtor Aspen Street Corporation ("the Debtor") filed a proposed Fourth Amended Plan of Reorganization ("the Plan") in the above chapter 11 case on July 10, 2009. See Docket Entry No. 206. The Plan provided, inter alia, that the principals of the reorganized Debtor entity, Jan Zarkin and Joann Zarkin, would contribute to the Debtor the real properties located at 743 N. 23rd Street, Philadelphia, PA and 742-44 N. Crosskey Street, Philadelphia, PA (collectively, "the Properties"). See Plan §3.4.[1] In other words, the Plan provides for Mr. and Mrs. Zarkin to transfer ownership of the Properties to the reorganized Debtor. The Plan did not contain any provision regarding the applicability of 11 U.S.C. §1146(a) to these property transfers.[2]

The confirmation hearing was held and concluded on November 5, 2008. See Docket

---

[1] The Plan has two (2) sections numbered as "3.4." The provision referenced above is in the second of the two (2) sections.

[2] 11 U.S.C. §1146(a) provides: "The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax."

1

Entry No. 229.  At the conclusion of the hearing, the court orally advised all interested parties in attendance that it would enter an Order confirming the Plan.  The court directed the Debtor to submit a proposed Order ("the Proposed Order") for the court's consideration.

The Debtor submitted the Proposed Order on December 17, 2008.[3]  See Docket Entry No. 231.  The Proposed Order included the following language in ¶ h.:

> The transfer of any Real Property by or to the Debtor pursuant to the Plan, including, but not limited to, the transfer of 743 N. 23rd Street, Philadelphia, Pa and 742-744 N. Crosskey Street, Philadelphia, PA, shall constitute a "transfer under a plan" within the purview of Section 1146(a) of the Bankruptcy Code and shall not be subject to transfer stamp or similar taxes imposed by any federal, state or local authority including, without limitation, any tax imposed under the Pennsylvania Realty Transfer Tax.

(hereinafter "the §1146 Provision").

The court entered an Order confirming the Plan on December 26, 2008 ("the Confirmation Order").  See Docket Entry No. 235.  In doing so, the court revised the Proposed Order submitted by the Debtor and struck the §1146 Provision.  See id.

On January 29, 2009, the Debtor filed what it styled an "Application for Modification of the Confirmation Order" ("the Application").  See Docket Entry No. 246.  In the Application, the Debtor alleged that the Recorder of Deeds of Philadelphia County, PA ("the Taxing Authority") would not accept the deed memorializing the transfer of one (1) of the two (2) Properties referenced in ¶3.4 of the Plan without receiving payment of the transfer tax because the court crossed out the §1146 Provision when it entered it as the Confirmation Order.  See Application ¶9.  The Debtor requested that the court amend the Confirmation Order by inserting language

---

[3]     The Debtor's delay in submitting the Proposed Order has no bearing on the matter before the court.

2

similar to that set out in the §1146 Provision of the Proposed Order.  The Debtor did not serve the Taxing Authority with the Application.  See Docket Entry No. 246.

By Order dated February 2, 2009, the court denied the Application.  See Docket Entry No. 248.

The Debtor has now filed a Motion for Reconsideration of the February 2, 2009 Order denying of the Application ("the Motion to Reconsider").  See Docket Entry No. 250.  In the Motion to Reconsider, the Debtor again requests that the Confirmation Order be modified "to make a finding that such that such transfer was pursuant to the Plan." See Motion to Reconsider ¶17; see also Application ¶10 (requesting that confirmation order include language "setting forth that the transfer of real property is not subject to transfer tax . . . pursuant to 11 U.S.C. § 1146(a)").

As explained below, I will deny the Debtor's request for the entry of an Order determining that the property transfer at issue is not subject to transfer tax or similar tax under 11 U.S.C. §546(a).

**II.**

In entering the Confirmation Order, it was not my intent to signal to the Taxing Authority that I had determined that §1146(a) did **not** apply to the property transfers referenced in the Plan. To the contrary, I made no determination whatsoever regarding the applicability of §1146(a) to those transactions.

I deleted the §1146 Provision included by the Debtor in the Proposed Order because it did

not appear in the original Plan and, in any event, was surplusage.[4]  Further, to the extent that the §1146 Provision was offered by the Debtor as a means of resolving some undisclosed dispute between the Debtor and the Taxing Authority regarding the applicability of §1146 to the transfer of the Properties referenced in the Plan, the Debtor was obliged to request a determination in a manner that provided the Taxing Authority with notice and an opportunity to be heard.[5]  Without hearing from the Taxing Authority, I have no competent evidence to support any conclusion regarding the reasons why the Taxing Authority has declined to record the deed without payment of the transfer tax or whether those reasons are valid.

More importantly, even if the Debtor is correct and the Recorder's action was caused by the mistaken belief that the court had determined that §1146(a) did not apply to the subject property transfer, that is not a valid basis to make a judicial determination that §1146(a) <u>is</u> applicable to the transaction at issue.  At most, it suggests that if the alleged misunderstanding is not settled by the parties,[6] the dispute should be resolved by the initiation of an appropriate

---

[4] Section 1146 operates independently without needing to appear in a Plan to have effect. <u>See</u> <u>State of Maryland v. Antonelli Creditors' Liquidating Trust</u>, 123 F.3d 777, 781 (4th Cir. 1997) (taxing authorities are bound by §1146 under the supremacy clause and not because of the chapter 11 confirmation order).

[5] It does not appear that the Taxing Authority had notice of either the submission of the Proposed Order, the Application – or the Motion to Reconsider, for that matter.  Yet, the Debtor has requested that the court enter an Order making a determination that may be adverse to the Taxing Authority's rights.

[6] If the Debtor is correct regarding the Taxing Authority's reasons for declining to record the deed without payment of the transfer tax, it is possible that this Memorandum and accompanying Order may clarify the meaning of the court's prior action and facilitate a resolution of the dispute between the Debtor and the Taxing Authority.

proceeding to obtain a judicial determination of the issue.

For these reasons, I am not persuaded that any grounds exist to reconsider my decision to deny the Debtor's request for a determination of the merits of its contentions regarding the applicability of §1146(a).[7]  Therefore, except for one minor modification,[8] the Order denying the Application will not be disturbed.

An Order consistent with this Memorandum will be entered.

Date:   February 19, 2009

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

[7] The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. E.g., Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895 (1986).  I conclude that the Debtor has not satisfied these requirements.

[8] The Order denying the Application did so "without prejudice to the Debtor's rights under 11 U.S.C. §1146(b)." Upon further reflection, I conclude that the reference to §1146(b) was unnecessary and probably erroneous.  Therefore, I will vacate that reference.